UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Owen Mason,<br>    *Plaintiff,* | Civil No. 3:10cv397 (JBA) |
|     v. | |
| Correctional Officer Rich, et al.,<br>    *Defendants.* | September 15, 2011 |

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In this civil rights action, Plaintiff Owen Mason ("Mason") alleges that Defendants Correctional Officer Rich and three John Does used excessive force against him on December 17, 2009, and that Defendant K-9 Officer Trifone allowed his dog to bite Mason repeatedly on February 5, 2010. Defendants move [Doc. # 16] for summary judgment. For the reasons that follow, Defendants' motion will be granted.

I.    Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is therefore entitled to judgment as a matter of law. See Rule 56(a), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party may satisfy this burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.

Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). Merely restating the conclusory allegations of a complaint may not be sufficient to successfully oppose a motion for summary judgment. Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. Patterson v. County of Oneida, NY, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004). However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'" Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004) (quoting Anderson, 477 U.S. at 252)).

II.     Facts[1]

Mason was confined at Northern Correctional Institution at the time of the incidents underlying this action. On December 17, 2009, Mason fought another inmate in the recreation yard. The inmates were "exchanging closed fist strikes." (Defs.' Loc. R. 56(a)1 Stmt. ¶ 2.) Defendant Rich responded to the altercation and assisted other staff in restraining Mason and handcuffing him on the cement floor. The inmates struggled fiercely with correctional staff. Defendant Rich did not punch Mason or pull his hair during the struggle.

After the inmates were subdued, Defendant Rich escorted Mason to the medical unit. Medical staff treated Mason for an abrasion to the right side of his forehead and a superficial laceration on his finger. While being treated, Mason told one staff member that Defendant Rich hit him on the side of his head causing him to hit his head on the cement. At this same

---

[1] The facts are taken from the defendants' Local Rule 56(a)1 Statement and attached exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. See D. Conn. L. Civ. R. 56(a)2 & 56(a)3.

With their motion for summary judgment, defendants filed a Notice to Pro Se Litigant informing Mason of his obligation to respond to the motion for summary judgment and of the contents of a proper response. Along with his memorandum in opposition to the motion, Mason only filed an affidavit with exhibits [Doc. #25]. Accordingly, defendants' facts that are supported by the record are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2."). The Court has, however, considered Mason's statements and exhibits in deciding the motion for summary judgment.

time, Defendant Rich reported that the inmates refused to stop fighting when ordered to do so.

On February 5, 2010, Mason was involved in a fight with another inmate, again in the recreation yard. Defendant Trifone observed Mason on top of the other inmate, punching the other inmate in the head with his fist. When Defendant Trifone ordered the inmates to stop fighting, Mason continued hitting the other inmate. Defendant Trifone then ordered his dog to engage Mason. The dog bit Mason's right knee and held on. As soon as another correctional officer took control of Mason, Defendant Trifone ordered the dog to release Mason. The dog complied immediately. Correctional dogs are trained to bite and hold that position until the inmate has been subdued and restrained by correctional staff. As a result of this incident, Mason suffered several punctures from the dog's teeth. The area was treated with a disinfectant and Mason was given pain medication.

III. Discussion

Defendants move for summary judgment on the ground that the undisputed record of the use of force on Plaintiff shows no cruel and unusual punishment in violation of the Eighth Amendment.

The use of excessive force against an inmate may constitute cruel and unusual punishment in violation of the Eighth Amendment, even if the inmate does not suffer a serious injury. Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175, 1176 (2010) (citing Hudson v. McMillan, 503 U.S. 1, 4 (1992)). The Court's inquiry must focus not on whether the inmate sustained a certain level of injury, but "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 1178 (internal quotation marks and citation omitted). Although the extent of the injury

4

is not the focus of the inquiry, it can provide information regarding the amount of force used. Unless the use of force is "repugnant to the conscience of mankind," a *de minimis* use of force will not be cognizable under the Eighth Amendment. Id.

An Eighth Amendment claim has two components, one objective, the other subjective. The subjective component focuses on the defendant's motive, whether he "had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009). The objective component focuses on the effect of the challenged conduct, whether the harm done violated contemporary standards of decency. Id. Whenever a defendant uses force maliciously and sadistically, however, he always violates contemporary standards of decency regardless of the injury suffered. See id. at 269.

Factors relevant to whether the force used was necessary under the circumstances "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur" include the extent of the injury suffered, "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

In addition, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). This deference applies both to actions taken in response to prison unrest or confrontations with inmates and to preventative measures taken to

5

reduce such incidents. See Whitley, 475 U.S. at 322. "Courts nevertheless must not shrink from their obligation to enforce the constitution rights of all persons, including prisoners." Brown v. Plata, ___ U.S. ___, 131 S. Ct. 1910, 1928 (2011).

A. December 17, 2009 Incident

Correctional staff are permitted to use force immediately "when an inmate's behavior constitutes an immediate threat to self, others, property, order or the safety and security of the facility." (Administrative Directive 6.5, ¶ 4(B), Ex. E to Mem. Supp. at 58.) The force used must be "reasonably related to the degree and duration necessary to achieve its authorized objective." (*Id.* ¶ 4(D).)

Mason concedes in his complaint that he was fighting with another inmate when defendant Rich and other correctional officers intervened. Mason alleges that they pulled his hair so hard they removed hair from his skull, causing it to bleed, punched him and rubbed his head against the ground.

Mason has provided no evidence to support his allegation that the defendants pulled out his hair. There is no reference to punching injuries or pulled–out hair in the medical report or incident reports. On the videotape of the medical exam, Mason only states that defendant Rich hit him in the side of his head. Later on the tape, when correctional staff were photographing his injuries, Mason told the correctional officer that he had reported all of his injuries to the medical staff. To successfully oppose the motion for summary judgment, Mason must provide some evidence to corroborate his claim of these injuries. He has not done so. Mason's conclusory restatement in his affidavit of the allegations in his complaint does not suffice. See Zigmund, 106 F. Supp. 2d at 356.

6

Mason stated on the videotape that Defendant Rich hit him in the side of the head. At this same time, Defendant Rich stated that the inmates refused to comply with orders to stop fighting. Assuming, for purposes of deciding this motion, that Defendant Rich did hit Mason once, the Court concludes that the use of force was reasonable in light of the continued fighting and danger to the other inmate. See Ramos v. Hicks, No. 87 CIV. 2272(LBS), 1988 WL 80176, at *2 (S.D.N.Y. July 25, 1988) (single punch not excessive force where inmate ignored orders, became agitated and attempted to damage state property). Defendants' motion for summary judgment is therefore granted with regard to the claim of excessive force on December 17, 2009.

B.  February 5, 2010 Incident

Mason again concedes that he was fighting with another inmate when defendant Trifone responded with his dog on February 5, 2010. Although Mason alleges that the dog bit him repeatedly, the medical reports submitted by the defendants indicate only one set of bite marks and the videotape of the incident shows that the dog bit Mason only once.

Administrative Directive 6.5, authorizes the immediate use of force when correctional staff see inmate behavior that constitutes an immediate threat to another inmate. Use of a canine can be an acceptable use of force. (Administrative Directive 6.5, ¶ 14.) Defendants have provided evidence that Defendant Trifone ordered his dog to use the "bite and hold position," as he was trained to do. Once Mason was secured, Defendant Trifone ordered his dog to release Mason. (See Ex. E to Mem. Supp. ¶ 6; Ex. G ¶ 3.)

Mason has provided no evidence to support his claims that he was bitten repeatedly. The bite was treated with disinfectant and motrin for pain. The treatment provided indicates that the injury was *de minimis.* See Martin v. Mathena, Civil Action No. 7:08-cv-

573, 2009 WL 150864, at *1-2 (W.D. Va. Jan. 21, 2009) (excessive force claim by inmate claiming that guard dog bit him three times dismissed for failure to state more than *de minimis* injury); see also Chilton v. Clayborne, Civil No. 3:08cv615, 2009 WL 2634166, at *4 (E.D. Va. Aug. 25, 2009) (dog bite without allegations of pain, symptoms or complications does not rise to level of excessive force); Mickle v. Ahmed, 444 F. Supp. 2d 601, 620 (D.S.C. 2006) (excessive force claim as a result of use of police dog in effecting arrest dismissed as *de minimis* use of force because plaintiff suffered no complications from dog bite and needed no medical attention after initial treatment in emergency room). Mason has not shown that defendant Trifone used force constituting cruel and unusual punishment on February 5, 2010. Defendants' motion for summary judgment is therefore granted as to this claim.

  C.  John Doe Defendants

Mason named three John Doe defendants in his complaint and indicated that he would be able to identify these defendants through the discovery process. Although the Court directed Mason to file an amended complaint identifying these defendants, he has not done so.

Discovery closed in December 2010 and the defendants state that Mason did not submit any discovery requests seeking the identity of these three correctional officers. Accordingly, Defendants' motion for summary judgment is granted as to all claims against the John Doe defendants. See Colon v. Ludemann, 283 F. Supp. 2d 747, 762 (D. Conn. 2003) (holding that summary judgment is appropriate against unidentified defendants where plaintiff failed to utilize discovery to ascertain their identities).

IV.     Conclusion

Defendants' motion for summary judgment [Doc. #16] is GRANTED.  The Clerk is directed to enter judgment in favor of the defendants and close this case.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of September, 2011.